[No. 6062-1.   Division One.   April 23, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK MCARTHUR BURROUGHS, *Appellant.*

*Dan Kilpatric, Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Charles S. Hamilton III, Deputy,* for respondent.

JAMES, J.—Frank McArthur Burroughs was convicted of second–degree rape. He appeals, contending that his right to a speedy trial under CrR 3.3[1] was violated. The relevant dates are as follows:

4/13/77 Information was filed charging Burroughs with second–degree rape.

4/14/77 Burroughs was booked into King County Jail where he remained until trial.

5/2/77 Trial was set for June 6, 1977.

6/6/77 Burroughs moved for a continuance which was granted to June 22, 1977, because additional time was needed to prepare his defense. *He waived the 60/90 day rule to June 30, 1977.*

6/22/77 *Burroughs waived the 60/90 day rule to July 25, 1977.* This waiver was filed on June 29, 1977.

6/29/77 Burroughs moved for another continuance which was granted to July 18, 1977, because "additional neurological testing and evaluation [were] necessary."

7/18/77 Burroughs was not brought to trial on this date because of defense counsel's schedule.

7/25/77 The State moved for a continuance which was granted to July 26, 1977, because the prosecutor was engaged in another trial. Burroughs expressly consented to the continuance and agreed that good cause was shown.

---

[1]CrR 3.3 was amended in November 1978. *See* 90 Wn.2d 1149 (1978).

7/26/77 The State moved for another continuance which was granted to July 27, 1977, because the prosecutor was still engaged in the other trial. Burroughs objected to the granting of this continuance.

7/27/77 Trial began.

Since Burroughs did not obtain pretrial release, CrR 3.3(c) requires that he be brought to trial within 60 days. Continuances granted on the defendant's motion are excluded from the 60–day period. CrR 3.3(d)(3); CrR 3.3(e)(1). The parties correctly agree that the 60–day period started running on April 15, 1977, the day following his arrest. *See State v. Stanmore,* 17 Wn. App. 61, 562 P.2d 251 (1977). Since 103 days[2] elapsed before Burroughs was brought to trial, the dispositive question is how many days are excludable from that period. We hold that 49 days were excludable and that Burroughs was brought to trial in a timely manner and affirm.

■ Burroughs contends that only 35 days are excludable. He computes the 35 days as follows: the 16 days between his first motion for a continuance (June 6, 1977) and the trial date set as a result thereof (June 22, 1977) plus the 19 days between his second motion (June 29, 1977) and the trial date set as a result thereof (July 18, 1977). So computed, he was not brought to trial for 68 days. We do not agree.

Burroughs' assumption is that his waivers were effective only until the trial dates set in the continuances. This assumption, however, is valid only if the duration of the waiver is not specified. As stated in *State v. Pomeroy,* 18 Wn. App. 837, 842, 573 P.2d 805 (1977),

> where the duration of the waiver under the rule *is not specified,* the waiver of the procedural right to speedy trial is effective only until the date of the trial contemporaneously or subsequently set by the court.

---

[2] The day on which the period began to run (April 15, 1977) is not counted; the last day (July 27, 1977) is counted. CrR 8.1; CR 6(a). Both parties mistakenly count 104 days. Their error is not material given our disposition of this case.

(Italics ours.) The record reveals that Burroughs explicitly waived application of the 60–day rule from June 6, 1977, to July 25, 1977—a period of 49 days. We hold that this period must be excluded in computing time for the 60–day rule. Therefore, only 54 days elapsed before the case came to trial on July 27, 1977, in timely fashion.

Affirmed.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court October 26, 1979.