No. 14472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

JAMES RICHARD JOHNSON,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula, Montana

For Respondent:

Edward Cummings, Missoula, Montana

---

Submitted on briefs: January 15, 1979

Decided: APR 30 1979

Filed: APR 30 1979

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff, the State of Montana, appeals from an order of the Missoula County District Court granting defendant's motion to dismiss proceedings for an evidentiary hearing on suspension of defendant's driver's license and ordering that his driving privileges be restored to him. The motion was granted without notice or opportunity to be heard and was further based on a misreading of section 32-2142.2(a), R.C.M. 1947, now section 61-8-403 MCA. We reverse and remand the case for a hearing on the merits.

Defendant was arrested for driving while intoxicated and, according to the arresting officer, refused to submit to a breath test as required by Montana's implied consent law, section 32-2142.1, R.C.M. 1947, now section 61-8-402 MCA. Pursuant to this statute the Montana highway patrol board later requested surrender of defendant's driver's license for a period of sixty days beginning May 17, 1978.

On May 31, defendant petitioned the District Court for a hearing pursuant to section 32-2142.2(a), and on June 1, obtained an order staying suspension of his license. On July 20, the District Court scheduled the hearing for August 3.

On August 1, defendant filed in the District Court and served on the county attorney a single page document entitled "motion to dismiss". The motion sought dismissal of the August 3 hearing for the court's failure to set a hearing within thirty days of written notice to the county attorney of defendant's petition for a hearing. At the bottom of this document, language stating that the motion was granted and that defendant's driving privileges be reinstated was typed in for the court's signature. The next day, August 2, the court granted defendant's motion by signing the/motion combination and order. The State appeals.

-2-

The determinative issues on appeal are whether the District Court erred: (1) by denying the State an opportunity to be heard in resisting the motion and relief sought, and (2) by granting the motion on the basis of a misinterpretation of section 32-2142.2(a), R.C.M. 1947, now section 61-8-403 MCA.

The court granted defendant's motion only one day after he filed it in the District Court and served a copy on the State. In effect, the court granted an _ex parte_ motion to dismiss, and the adverse party was not given notice or opportunity to be heard.

Rule No. II(1) of the Uniform Rules for District Courts of Montana states:

"MOTIONS:

"1. Upon serving and filing a motion under Rule 12, M. R. Civ. P., or within five days thereafter, the moving party shall serve and file a brief. The adverse party shall have ten days thereafter within which to serve and file an answer brief. A reply brief may be served and filed within ten days thereafter. Upon the filing of briefs, the motion shall be deemed made and submitted and taken under advisement by the Court, unless the Court orders oral argument of said motion . . .

"Failure to file briefs within the prescribed time shall subject such motion to summary ruling, and the failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit, and such failure to file a brief by the adverse party shall be deemed an admission that in the opinion of counsel, the motion is well taken . . ."

Although this rule specifically governs procedure for motions in civil actions, we believe the substance of its provision for notice and opportunity to be heard by the adverse party should be observed in criminal proceedings to ensure fundamental fairness and a fully informed court. Since the State was given no such notice or opportunity to be heard in this case, the court erred in granting defendant's motion.

-3-

This error is compounded by the fact that the order of dismissal was based on an obvious misconstruction of section 32-2142.2(a), R.C.M. 1947, now section 61-8-403 which provides:

> ". . . RIGHT TO APPEAL TO COURT. (a) Any person whose license or privilege to drive has been suspended, as hereinbefore authorized, the board shall immediately notify such person in writing and such person shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the district court in the county wherein such person shall reside and such court is hereby vested with jurisdiction <u>and it shall be its duty to set the matter for hearing upon thirty (30) days' written notice to the county attorney</u> of the county wherein the appeal is filed . . ." (Emphasis added.)

The State contends the phrase "it shall be [the District Court's] duty to set the matter for hearing upon thirty days written notice to the county attorney" requires thirty days written notice to the county attorney before the hearing is held, rather than requiring a hearing be set within thirty days of the filing of a petition. We agree. The statute clearly requires that the county attorney be given at least thirty days written notice before the matter can be heard. Dismissal was therefore doubly in error.

In conclusion, we must add one word of caution. In light of the fact that the court order was so manifestly in error, procedurely and substantively, the State should more properly have moved for reconsideration by the District Court, rather than taking an appeal to this Court. By seeking all possible resolution of such matters in the District Court, economy and efficiency of the judicial process is better achieved.

The cause is reversed and remanded to the District Court for a hearing on the merits.

_____
Justice

-4-

We Concur:

_Frank J. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_John C. Sheehy_
Justices