[No. 6866-4-II. Division Two. August 6, 1985.]

THE STATE OF WASHINGTON, *Appellant,* v. TYRONE A. RAMSAY, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *Rodney G. Franzen, Deputy,* for appellant.

*Bryan L. Fischnaller,* for respondent.

REED, J.—The State appeals the dismissal with prejudice of its charges against Tyrone Ramsay. Finding a violation of the court rule requiring speedy trials, we affirm.

On July 3, 1982, Ramsay was charged in district court with driving while intoxicated. His attorney filed a written notice of appearance on July 7, 1982. On August 11, 1982, Ramsay filed a speedy trial waiver that contained no expiration date, and the District Court set trial for October 11, 1982. On the day of trial, however, an insufficient number of potential jurors was present and the court rescheduled the trial to January 17, 1983.

■■ Because Ramsay objected to this new date and attempted to revoke his speedy trial waiver, the court reset the trial to November 24, 1982. On that day, Ramsay moved to dismiss the case on the ground that he had not been brought to trial within "60 days from the date of appearance," as required by JCrR 3.08.[1] His motion was denied, but on a writ of review to the superior court the decision was reversed and the case dismissed. Ramsay's waiver of August 11, 1982, which bore no expiration date, was effective only until the trial date contemporaneously or subsequently set by the court, *i.e.,* October 11, 1982. *State v. Bjelland,* 22 Wn. App. 696, 700–01, 591 P.2d 865 (1979); *State v. Pomeroy,* 18 Wn. App. 837, 842, 573 P.2d 805 (1977). The delay between Ramsay's July 7, 1982 appearance and his November 24, 1982 trial, excluding the period during which the waiver was in effect, exceeded 60 days. The State argues that a new 60–day period commenced on the date of the aborted trial—October 11, 1982—and therefore that the November 24, 1982, trial date was timely.

---

[1]At the time of Ramsay's trial, former JCrR 3.08 provided:

Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.

The rule has been interpreted in a manner consistent with CrR 3.3. *State v. Mack,* 89 Wn.2d 788, 792, 576 P.2d 44 (1978). Effective April 13, 1984, JCrR 3.08 was amended to contain language more closely resembling that of CrR 3.3.

We disagree.

A waiver that contains an explicit expiration date tolls the running of the 60–day speedy trial limitation. *See State v. Burroughs,* 23 Wn. App. 190, 192–93, 596 P.2d 1340 (waiver to specified date tolls time period of CrR 3.3; *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978) requires that JCrR 3.08 be interpreted in a manner consistent with CrR 3.3), *review denied,* 92 Wn.2d 1033 (1979). We perceive no reason to treat differently a waiver, such as Ramsay's, that is effective until an expiration date implied by law. In *State v. Pomeroy,* 18 Wn. App. at 842, we held that a new speedy trial period commenced when a trial date was stricken solely because of defense counsel's illness. Although in *Pomeroy* we held also that a waiver of unspecified duration terminates upon the trial date contemporaneously or subsequently set by the court, it was defense counsel's role in causing the trial to abort, not the unspecified duration of the waiver, that justified commencing the new speedy trial period. *Pomeroy,* 18 Wn. App. at 842.

The State argues that allowing such a waiver to toll the running of the 60–day period would impose an "impossible burden" on the State because a defendant could waive his right to a speedy trial on the 60th day, only to revoke it unexpectedly and demand a dismissal. However, a waiver is effective until its expiration date; it cannot be revoked. *See State v. Burroughs,* 23 Wn. App. at 192–93 (waiver bearing explicit expiration date effective until that date); *State v. Pomeroy,* 18 Wn. App. at 842 (waiver of unspecified duration effective until the date of the trial contemporaneously or subsequently set by the court). Therefore, we are not presented with circumstances in which a defendant could manipulate the speedy trial period by requiring the State to bring him to trial at a date earlier than the State expected. *See, e.g., State v. Aleshire,* 89 Wn.2d 67, 69, 568 P.2d 799 (1977) (mistrial results in commencing speedy trial period anew; new period avoids possibility defendant could provoke a mistrial to prevent a timely trial); *State v. Christopher,* 20 Wn. App. 755, 760, 583 P.2d 638 (1978) (new time

period commences when defendant withdraws his guilty plea; defendant's plea caused the delay, and requiring a trial within unexpired portion of the speedy trial period would allow a defendant to require a trial immediately upon withdrawal of his guilty plea).

Moreover, a defendant's waiver of his right to be tried within the 60–day period of JCrR 3.08 does not automatically postpone the trial; it merely provides the State with an opportunity to delay the trial if it is advantageous to do so. The State can avoid the burden it describes by going forward with its prosecution despite a defendant's waiver.

 The expiration of Ramsay's waiver imposed no "impossible burden" upon the State. Twenty–five days remained in which to reschedule the trial.[2] Alternatively, the court could have obtained additional potential jurors from the jury list, see RCW 2.36.050, or by a stipulation to the issuance of an "open venire." RCW 2.36.130.[3] See RCW

---

[2]In computing the time that had expired before Ramsay executed his waiver, the day on which the speedy trial period began to run (July 7, 1982) is not counted; the day on which the waiver was executed (August 11, 1982) is counted. JCrR 10.01(a). Thus, when the October 11, 1982, trial aborted, 35 days had expired from the 60–day speedy trial period.

[3]RCW 2.36.130 provides:

"Additional names—Open venire by stipulation. If for any reason the jurors drawn for service upon a petit jury for any term shall not be sufficient to dispose of the pending jury business, or where no jury is in regular attendance and the business of the court may require the attendance of a jury before a regular term, the judge or judges of the superior court may draw from the jury list such additional names as they may consider necessary, and the persons whose names are so drawn shall thereupon be summoned to serve as jurors forthwith. The judge or judges drawing such additional names, may, in his or their discretion, order and direct that, of such additional jurors, only those living nearest to the county seat or most conveniently reached and found shall be at first summoned by the sheriff, and at any time when a sufficiency of such persons has been summoned and produced in court, such judge or judges may, in his or their discretion, order and direct the sheriff not to summon the remainder of the additional jurors so drawn. By stipulation or agreement made in open court as a part of the record, the parties to any action may agree that an open venire may be issued to make up a jury in that action, and upon order of the court approving such stipulation and directing the number of jurors to be drawn, the clerk shall issue an open venire, and the sheriff shall fill the same by summoning from the bystanders, or elsewhere, a sufficient number of persons to fill the open venire."

2.36.050.[4] Under former JCrR 3.08, a failure to bring a defendant to trial within the 60–day period required dismissal "except where the postponement was requested by the defendant" or when "good cause" was shown. *State v. Lindbo,* 94 Wn.2d 112, 114, 614 P.2d 1277 (1980); *Harkins v. South Dist. Justice Court,* 34 Wn. App. 508, 512, 662 P.2d 403, *review denied,* 100 Wn.2d 1002 (1983). Here, neither of those conditions is present. Ramsay's October 11, 1982 trial was postponed because of an insufficient jury venire. "[I]t is the court's duty to arrange for the requested jury trial", and failure to do so is not "good cause" for delaying the trial beyond the 60–day period prescribed by JCrR 3.08. *State v. Mack,* 89 Wn.2d at 794. Accordingly, the Superior Court properly dismissed the charges with prejudice because the delay in prosecution, exclusive of the effective period of Ramsay's waiver, exceeded 60 days. *See State v. Lindbo,* 94 Wn.2d at 116.

Affirmed.

WORSWICK, C.J., and PETRIE, J. Pro Tem., concur.

---

[4]RCW 2.36.050 provides in part: "In courts of limited jurisdiction, juries shall be selected and impaneled in the same manner as in the superior courts, except that a court of limited jurisdiction shall use the jury list developed by the superior court judge or judges to select a jury panel."