900

[No. 7553-2-III. Division Three. November 20, 1986.]

THE CITY OF KENNEWICK, *Petitioner*, v. PATRICIA
C. VANDERGRIFF, *Respondent.*

*William L. Cameron,* for petitioner.

*Linda M. Waite* and *Armstrong, Klym & Waite,* for
respondent (appointed counsel for appeal).

THOMPSON, J.—The City of Kennewick was granted dis-
cretionary review of the dismissal of reckless driving

and driving while under the influence of alcohol charges granted on Ms. Vandergriff's motion to dismiss for failure to comply with JCrR 3.08, the district court speedy trial rule. We affirm.

Patricia Vandergriff was charged with driving while under the influence of alcohol and reckless driving. Arraignment on the two charges was held on January 31, 1985, in Benton County District Court. On February 25, 1985, the District Court set the case for jury trial on April 1, 1985. However, Ms. Vandergriff waived her right to jury trial and the court reset the trial date to May 14, 1985, more than 90 days after arraignment. On March 28, 1985, Ms. Vandergriff's attorney wrote a letter to the Benton County District Court clerk, who was responsible for setting trial dates. It stated:

> In re: City of Kennewick v. Patricia C. Vander-
> griff, K85–2150

Dear Amy:

Pursuant to JCrR 3.08(f)(1) I object to the trial setting of May 14, 1985 in the above matter. I believe the 90 days will run out on May 6, 1985.

Trial settings by the district court setting clerk were informal; there were no special court rules or procedures required for setting motions on the court docket. Upon receiving the letter from Ms. Vandergriff's attorney, the clerk filed the letter without taking action and neither the trial judge nor the City were notified of Ms. Vandergriff's objection. On the date set for trial Ms. Vandergriff's motion to dismiss with prejudice was granted for failure to bring the case to trial within the 90–day limit of JCrR 3.08. The City's motion for arrest of judgment was denied, and on appeal to Benton County Superior Court, the dismissals were affirmed. The Superior Court held the letter to the clerk constituted a motion under JCrR 3.08(f)(1) and that there was no requirement of service on the City because it was an ex parte motion under JCrR 10.02.

The City's first issue is whether a letter directed only to the district court clerk is sufficient to constitute a motion

objecting to an untimely trial setting pursuant to JCrR 3.08(f)(1), so as to preclude waiver of objection to timely commencement of trial.

JCrR 3.08 was amended April 13, 1984, to conform more closely to CrR 3.3. *See Bremerton v. Hoyt,* 44 Wn. App. 135, 137 n.1, 721 P.2d 539 (1986). Both rules now require a party objecting to the date set for trial because not within the time limits specified (60 days after arraignment if incarcerated pending trial and 90 days if released) to "move that the court set a trial within those time limits". JCrR 3.08(f)(1); CrR 3.3(f)(1). Failure to timely comply with this requirement will be deemed a waiver of objection that trial was not commenced within the time limits prescribed. The former JCrR 3.08 was interpreted consistent with CrR 3.3. *State v. Mack,* 89 Wn.2d 788, 792, 576 P.2d 44 (1978). The courts have, with respect to both rules, insisted upon strict compliance and have imposed sanctions of dismissal with prejudice in those instances where the rule was not followed. *State v. Stimson,* 41 Wn. App. 385, 388, 704 P.2d 1220 (1985).

In addition, both CrR 3.3(a) and JCrR 3.08(a) place responsibility with the court to ensure trials are conducted within the time limits set in the rule. *See State v. White,* 23 Wn. App. 438, 442, 597 P.2d 420 (1979), *aff'd,* 94 Wn.2d 498, 617 P.2d 998 (1980); *Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 665 P.2d 918 (1983). Ambiguities are resolved so as to promote the purpose of the rule: to provide a prompt trial for a defendant once prosecution is initiated. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

■ At issue is whether the objection to setting requirements of JCrR 3.08(f)(1) were met by defense counsel's letter to the clerk. In *Colorado Nat'l Bank v. Merlino,* 35 Wn. App. 610, 668 P.2d 1304 (1983), the court held a letter from counsel to the trial judge regarding a motion for reconsideration met the requirements of CR 7(b)(2) and CR 10(a). JCR 7 and 10 set forth similar requirements for district court motions. The court noted that the sufficiency of a motion is determined not by its technical format or lan-

guage but by its contents, citing 2A J. Moore, *Federal Practice* ¶ 7.05 (2d ed. 1983). *Colorado Nat'l Bank,* at 614. In addition, it noted the opposing party had demonstrated no prejudice by the moving party's failure to comply with the technical motion requirements. *See also Bumpus v. Uniroyal Tire Co.,* 392 F. Supp. 1045 (E.D. Pa. 1975) in which a posttrial letter by plaintiff's counsel bringing into question a juror's qualifications was found adequate as a motion for a new trial. In *Smith v. Danyo,* 585 F.2d 83 (3d Cir. 1978) an affidavit not labeled a motion seeking to disqualify a judge for bias satisfied Fed. R. Civ. P. 7(b), which is identical to Washington CR 7(b). Motions are to be construed so as to do substantial justice with substance controlling over form. *Neal v. Wallace,* 15 Wn. App. 506, 508, 550 P.2d 539 (1976); 5 C. Wright & A. Miller, *Federal Practice* § 1192 (1969).

■ Here, the letter mentioned JCrR 3.08(f)(1) and specifically objected to the trial date, contained the required identifying information, and thus was sufficient as a motion under the "substance over form" rules above. One can presume a clerk who read the attorney's letter would be on notice something was amiss with the trial date and action was required, especially since this clerk was designated to set trial dates.

In a case prior to the 1984 rule change, a similar waiver/objection local court rule was at issue. It was held no waiver occurred on much less showing than contained here. In *Heaney,* Seattle Municipal Court Rule 2.01(c)[1] was held

---

[1]Former Seattle Municipal Court Rule 2.01(c) provides:

"At arraignment or appearance as set forth in Rule 2.02, the court or the clerk shall set a date for trial which is within the time limits prescribed by JCrR 3.08. A party who objects to the date set on the grounds that it is not within the time limits prescribed by JCrR 3.08 must, within ten (10) days of receiving said date, move the court for a trial date within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such a date is not within the time limits prescribed by JCrR 3.08, or as amended." Note that this is almost identical to current JCrR 3.08(f)(1).

The applicable language in JCrR 3.08(f)(1) is: "A party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule

valid, even though then existing JCrR 3.08 did not contain a waiver provision. There, one of the respondents, charged with driving with a suspended or revoked driver's license, had signed a "Plea of Not Guilty Giving up the Right of Formal Arraignment" upon which he checked the portion which stated "Although I have the right to have my trial within 60 days from today, I do *not* give up this right". *Heaney*, at 153. The defendant, however, failed to formally object to his trial date within the 10–day period, as required by the local rule.

On the trial date, he moved to dismiss since it was 1 day past the 60–day limit set by JCrR 3.08. The court noted that his act of checking the box on the form "[a]lthough not in the form of a formal motion, . . . was sufficient to constitute a request for trial within 60 days" and affirmed the dismissal. *Heaney,* at 157. Here, almost identical waiver/objection language is being construed. The reason for the waiver rule is to avoid dismissals for trial setting oversights and to let the court know the defendant does not wish to waive the speedy trial rule. But the addition of waiver language in a rule will not relieve the court of the responsibility of complying with the speedy trial rule. It is clear from the letter directed to the court clerk responsible for trial settings that this defendant did not intend to waive the speedy trial rule and will not be deemed to have done so because of the absence of formal motion language. The principal error was the failure of the court to comply with Ms. Vandergriff's speedy trial rule rights by setting the case for trial beyond the 90 days. A strict construction of the form of the letter of objection so as to conclude Ms. Vandergriff waived her right to a speedy trial would ignore the clear purpose and intent of Ms. Vandergriff's letter to the clerk and would undermine the effectiveness of JCrR

---

must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date, or on an extension of such date properly granted pursuant to this rule, is not within the time limits prescribed by this rule."

3.08.

The City next contends the lack of notice to it violates JCrR 10.02[2] in that this should not be designated an ex parte motion. On similar facts, an Indiana appellate court ruled:

> Failure to serve the motion for early trial upon the Prosecutor should in no way prevent the judge from setting the cause for trial. Hence, the failure to serve the motion should not be determinative of this case.

*Stokes v. State,* 157 Ind. App. 273, 276, 299 N.E.2d 647, 649 (1973).

Likewise, failure to notify the prosecutor here did not prevent the clerk from resetting within the rule's mandatory time limits. Neither the prosecution nor the defense attorney participated in picking the May 14 trial date; thus the resetting would not require their input. Although JCrR 3.08(g) and (h) will permit exclusions and continuances, no request was made or reason given for setting the case beyond the 90–day time limit. Nor were any reasons argued before the district court commissioner on the motion to dismiss or on the City's motion for arrest of judgment that could justify a setting beyond the 90 days. Thus, nothing has been alleged or appears of record that would indicate the motion should not have been ex parte. The prosecutor may have discovered the setting error if he had received a copy of the letter. However, since Ms. Vandergriff met the requirements of JCrR 3.08 by filing her motion objecting to the trial setting, her responsibility under the rule was met and the court's responsibility "to ensure a trial in accordance with this rule . . ." takes over. *See* JCrR 3.08(a). It failed to ensure timely trial and thus dismissal was proper.

---

[2]JCrR 10.02:

"MOTIONS AND APPLICATIONS—NOTICE—SERVICE

"Reasonable notice shall be given to the opposing party or attorney of record of all motions and applications other than those ex parte. Where a motion or application is supported by an affidavit, a copy of such affidavit shall be served with the motion or application."

Affirmed.

GREEN, C.J., concurs.

MUNSON, J. (dissenting)— After this defendant was charged, a court date was set which exceeded the 90–day proviso of JCrR 3.08. In this court, as in most district courts, the trial setting function is performed by a clerk in the office of the clerk. Defense counsel wrote a letter to that clerk, known to all to perform the setting function, objecting to the setting as being some 8 days beyond the 90–day limit. The clerk, apparently without reading the letter and without advising the judge or the city prosecutor, merely filed it. When the matter came on for trial, defense counsel moved to dismiss, *i.e.*, no action had been taken to reset the case, therefore, it was subject to dismissal pursuant to JCrR 3.08. The City objected for failure to give notice to it. The objection was not well received, the District Court dismissed, the Superior Court affirmed on appeal. The matter comes before us on discretionary review.

Failure to comply with JCrR 3.08 subjects a case to dismissal. While the rule places the responsibility for trial settings upon the court, that function may be delegated to an employee of that court who serves as an alter ego of the judge. *King Cy. v. United Pac. Ins. Co.*, 72 Wn.2d 604, 611–12, 434 P.2d 554 (1967); RCW 3.54.020. Here the court, through its clerk, blundered. The Superior Court, in affirming the dismissal, held that neither the City nor its prosecuting officer was entitled to notice, and that while the objection was made by letter, that correspondence served as an ex parte motion.

JCrR 3.08(f)(1) states in part: "The court shall, within 15 days of the defendant's actual arraignment in court, set a date for trial which is within the time limits prescribed by this rule, and notify counsel for each party of the date set." This requirement was met, other than the date set was outside the time limits prescribed by the rule.

JCrR 3.08(f)(1) continues: "A party who objects to the

date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits." Here, the defense counsel wrote a letter directed to the setting clerk objecting to the date as outside the limits; no notice was given to the prosecuting officer of the City, hence, notice was given only to the court.

JCrR 3.08(f)(1) continues: "Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date . . . is not within the time limits prescribed by this rule." The City, not having received notice of the defendant's objection, was entitled to rely upon this portion of the rule.

The rule requires that initially each party be notified of the trial date. The defendant argues that an objection to that date made pursuant to the portion quoted above is an ex parte motion and that the prosecuting authority is not entitled to notice. I disagree. Without notice of the objection, the prosecuting authority is entitled to rely upon that portion of the rule which states that the failure to object amounts to a waiver of the time limits.

The date set for trial is imperative to both parties and particularly where the City, as plaintiff, is the party bearing the burden of proof and which must go forward at the beginning of the trial. This necessitates assembling witnesses and other evidence for presentation immediately upon the case being called for trial.

JCrR 3.08, as originally promulgated, did not provide for the objection to the trial date as being outside the time limits. Such an oversight led defendants and their counsel to sit silently on their rights, knowing full well the date was outside the time limits and then moving for dismissal at the time of trial. This was changed to put the burden on the defendant, if the full benefits of the time limits were desired, to advise the court of its mathematical error or be deemed to have waived that portion of the rule. Because of the impact on the party bringing the action, to hold that

908

they are not entitled to notice of the objection to the date set is to deny that party, who represents the people of this state, its day in court.

The dismissal was granted in error; the case should be remanded for trial with the time limits beginning as of the date of the mandate from this court.

Review granted by Supreme Court March 5, 1987.