[No. 53438–1.   En Banc.   October 1, 1987.]

THE CITY OF KENNEWICK, *Petitioner*, v. PATRICIA C. VANDERGRIFF, *Respondent*.

*William L. Cameron*, for petitioner.

*Armstrong, Klym & Waite, P.S.*, by *Linda M. Waite*, for respondent.

DORE, J.—Patricia Vandergriff obtained a dismissal of drunk driving charges because her trial date was set more than 90 days after her arraignment in violation of the

speedy trial rule. The City of Kennewick argues that the recent amendment to this rule makes the dismissal of the charges unwarranted even though the trial date exceeded the 90-day limit.

### FACTS

Vandergriff was arrested and charged with reckless driving and driving while intoxicated by Kennewick police officers. She was arraigned on January 31, 1985, and her original trial date was scheduled for April 1. On March 22, Vandergriff waived her right to a jury trial, and the court, on March 25, rescheduled her trial for May 14. This date was more than 90 days after Vandergriff's arraignment.

On March 28, 3 days after the trial court reset her trial date, Vandergriff's counsel objected to the new date by letter. The full text of the letter was as follows:

Amy Bell
Benton County District Court
P.O. Box 7265
7320 W. Quinault
Kennewick, Washington 99336

In Re: City of Kennewick
v.
Patricia C. Vandergriff, K85–2150

Dear Amy:
    Pursuant to JCrR 3.08(f)(1) I object to the trial setting of May 14, 1985 in the above matter. I believe the 90 days will run out on May 6, 1985.

Very truly yours,
Terry J. Bloor

Brief of Appellant, at A–1. Vandergriff's counsel did not send a *copy* of the letter to the prosecutor's office or note the motion on a judge's docket.

The clerk filed this letter without taking any action on it. On May 14, when the case was called for trial, Vandergriff's counsel moved to dismiss. The District Court granted this motion pursuant to JCrR 3.08(i), and the Benton County Superior Court affirmed the dismissal (JCrR was rescinded

June 4, 1987 and replaced by CrRLJ). The Court of Appeals granted discretionary review and affirmed the trial court. We then granted the City's petition for review.

## SPEEDY TRIAL RULE

The speedy trial rule requires that a case be set for trial within 60 days of arraignment if the defendant is in custody or 90 days if the defendant has been released from jail. JCrR 3.08(c)(1). Various extensions of the 60– or 90–day deadline are possible, although none of them are relevant in this case. JCrR 3.08(d). If the trial is set after this time limit expires, and the defendant has not waived his or her right to a speedy trial, then the case against the defendant is dismissed with prejudice. JCrR 3.08(i).

Prior to April 2, 1984, a defendant was under no obligation to inform the court that the trial date it had set violated the speedy trial rule. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975). Furthermore, the time limit has always been interpreted quite strictly, so that "[a] showing of prejudice to the defendant is unnecessary." *Williams,* at 32. Therefore, a defendant who knew that a technical violation of this rule had occurred could simply wait until the date of trial and then move for a dismissal.

The revision to JCrR 3.08 changed this situation. Now, when a trial court decides to reset a trial date for any reason,

> [a] party who objects to the date set on the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice [of the new trial date] is mailed or otherwise given, move that the court set a trial date within those time limits.

JCrR 3.08(f)(2). Failure to make such a motion is a waiver of the provisions of the speedy trial rule. JCrR 3.08(f)(2). At issue in this case, therefore, is whether counsel's letter to the court clerk constituted a valid motion within the meaning of JCrR 3.08(f)(2).

In order for this letter to constitute a motion, it must state with sufficient particularity the relief Vandergriff

sought. As the Court of Appeals noted in this case, "the sufficiency of a motion is determined not by its technical format or language but by its contents . . ." *Kennewick v. Vandergriff*, 45 Wn. App. 900, 903, 728 P.2d 1071 (1986); *Colorado Nat'l Bank v. Merlino*, 35 Wn. App. 610, 614, 668 P.2d 1304 (1983). Here, the letter to the clerk mentioned the case, the file number, and contained a specific reference to the justice court rule at issue. While the letter did not contain the word "motion", and did not ask for any specific relief, it is abundantly clear in this case that the relief sought was an earlier trial date. The letter was sufficiently explicit to constitute a motion.

The City nevertheless contends that an ex parte letter to the clerk was improper, and that Vandergriff should have presented the motion to a trial judge. We disagree. CR 5(e) states that all papers filed with the court should be given to the clerk of the court, and JCR 5(e) provides for the same rule in civil cases before a justice court. We believe the same rule should apply to criminal cases before a justice court, and therefore, sending a letter to the court clerk was proper.

However, we believe that this motion should also have been served on the City. JCrR 10.02 provides that "[r]easonable notice shall be given to the opposing party or attorney of record of all motions and applications other than those ex parte." Vandergriff does not dispute that no notice whatsoever was given to the City, and we believe this failure to give notice violated JCrR 10.02 and invalidated the motion.

We cannot accept Vandergriff's contention that this motion could be granted ex parte. While JCrR 10.02 does not list which motions may be granted ex parte, generally a party is entitled to notice if the motion will affect its substantial rights. *See, e.g., In re Marriage of Wherley*, 34 Wn. App. 344, 347–48, 661 P.2d 155 (1983); *State ex rel. McLeod v. Brown*, 378 S.C. 281, 294 S.E.2d 781 (1982). While in the narrow sense it is true that a motion to reset a trial date does not affect the prosecution's substantial

rights, it is equally true that if the court fails to act on such a motion, there may be a speedy trial rule violation mandating dismissal of this action. JCrR 3.08(i). The dismissal obviously does affect the substantial rights of the prosecution. The possibility that a case might be dismissed mandates that the prosecution be served with the original motion.

## Conclusion

Vandergriff's failure to serve the prosecution with her motion to have her trial date reset violated JCrR 10.02. She therefore did not make a proper motion under JCrR 3.08(f)(2) and is deemed to have waived her rights under the speedy trial rule. The subject case is remanded for a trial on the merits.

BRACHTENBACH, DOLLIVER, CALLOW, and DURHAM, JJ., concur.

ANDERSEN, J. (concurring)—The reasons that defense counsel did not give notice to opposing counsel of his motion is obviously that the letter was not a "motion" at all. By definition and practice, a pleading, in whatever form, is not a motion unless it seeks affirmative relief.[1] The letter was no more than an "announcement" of defense counsel's views and did not constitute a motion as required by the speedy trial rule.[2] I, therefore, agree that remand to the trial court is appropriate.

PEARSON, C.J. (dissenting)—The majority holds that a defendant's motion to the court to correct an improper trial date may not be made ex parte. I disagree for two reasons. First, I believe once a court is notified it has set an improper trial date, the court has an absolute duty to correct its mistake. Second, I believe the defendant's motion is

---

[1]*See* JAR 2; CR 7(b)(1); JCR 7(b)(1); *see also* Black's Law Dictionary 1164 (4th ed. 1968).

[2]JCrR 3.08(f).

of a type we generally permit to be made ex parte, for granting the motion would not have resulted in prejudice to the opposing side.

JCrR 3.08(a) unequivocally imposes on the trial court the duty to set a trial date consistent with the speedy trial court rule: "It shall be the responsibility of the court to ensure a trial in accordance with this rule to each person charged with having committed a crime." The time limitations to which the court must adhere are set forth in JCrR 3.08(c)(1). Setting a case for trial ordinarily is not a matter for briefing or argument. The court selects a trial date and then notifies the parties of the date selected. The defendant is under no obligation to move for a trial date in the first instance; the burden is solely on the court.

As the majority notes, JCrR 3.08 was revised to place an obligation on the defendant to object when a trial date is set outside the limits prescribed by section (c)(1). *See* JCrR 3.08(f)(2). If the defendant does not object, by motion, to the improper date, she or he is held to have waived the speedy trial right accorded by the rule. However, the purpose of the revision was not to excuse the court from complying with section (c)(1) once it realizes a trial date is improper. Rather, the purpose was to avoid the situation in which defense counsel sits silently by, knowing the court had inadvertently set an improper trial date, and, when the prescribed time limit has expired, moves to dismiss. *Kennewick v. Vandergriff*, 45 Wn. App. 900, 907-08, 728 P.2d 1071 (1986) (Munson, J., dissenting). In the instant case the court was promptly notified of its error, at a time when a rescheduling within the prescribed limits was still possible. The trial judge should have been made aware of the impending violation, reset the trial date within the limits prescribed by the rule, and notified the parties of the rescheduling.

The majority attempts to excuse the trial court's error by finding fault with the defendant's motion—specifically, the defendant's failure to serve the City. However, the court rules themselves do not expressly require notice to the

opposing party for motions made pursuant to JCrR 3.08(f)(2). *Cf. Townsend v. State,* 215 Kan. 485, 524 P.2d 758 (1974). Furthermore, there is no evidence the revision to JCrR 3.08 requiring the defendant's timely objection was ever intended to transform the trial court's clerical task of setting a proper trial date into a substantive ruling requiring briefing and a hearing. Unlike a claim under the constitutional speedy trial right, which raises a number of issues upon which reasonable judges might differ, *see State v. Wunderlich,* 338 N.W.2d 658, 661 (N.D. 1983); *see also Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), a claim brought under JCrR 3.08(f)(2) such as the defendant's is essentially unarguable. *See Stokes v. State,* 157 Ind. App. 272, 276, 299 N.E.2d 647 (1973). The language of JCrR 3.08 makes it clear that the trial court has no discretion in resetting an improper trial date. When the defendant is entitled to relief as a matter of right, the general rule requiring notice to the opposing party is in abeyance. *See Howell v. Howell,* 22 N.C. App. 634, 636, 207 S.E. 2d 312 (1974).

This is not to deny that notice to the opposing party is preferable to the absence of notice. *In re Marriage of Wherley,* 34 Wn. App. 344, 347, 661 P.2d 155, *review denied,* 100 Wn.2d 1013 (1983). However, our judicial system has always recognized that some motions may be made ex parte. *See, e.g., Wherley;* JCrR 10.01. Ex parte motions generally are permissible when no substantial rights of the opposing party are prejudiced. *See State ex rel. McLeod v. Brown,* 278 S.C. 281, 284, 294 S.E.2d 781 (1982); *see also Wherley,* at 347–48. In *Wherley,* for example, a couple petitioning for a dissolution of their marriage joined in a common prayer for relief. The court entered a decree following an ex parte hearing with one spouse. The Court of Appeals upheld the order.

> Ordinarily, the protection afforded by notice and an opportunity to be heard is necessary because the parties are adversaries in the sense that one party opposes the relief sought by the other. Here, an unusual circumstance

exists. The Wherleys joined in a common prayer for relief, as they were entitled to do. . . . Accordingly, there existed no contested issues. Under these circumstances, the risk of erroneous determination is negligible—provided the relief granted does not differ substantially from that sought in the petition.

*Wherley,* at 347.

In the instant case, too, "there existed no contested issues." The City, even more than the defendant, stood to benefit from a grant of the defendant's motion, for a timely trial date would ward off the risk of reversal based on a speedy trial rule violation. *See* JCrR 3.08(i); see also majority opinion, at 103 ("if the court fails to act on [a JCrR 3.08(f)(2)] motion, there may be a speedy trial rule violation mandating dismissal of this action"). The defendant's motion here was not for dismissal of the action; unquestionably, a motion for dismissal with prejudice *would be* adverse to the City's interests. *See Barr v. Ehrlich,* 301 So. 2d 147 (Fla. Dist. Ct. App. 1974); *State v. Johnson,* 182 Mont. 24, 594 P.2d 333 (1979). The defendant was merely seeking a trial date set in conformity with court rules. It makes little sense to require the defendant to give notice to the prosecution in order to enable the prosecution *to join with the defendant* in arguing the merits of the defendant's motion.

Moreover, the defendant's failure to serve notice on the City had nothing to do with the court's failure to set a proper trial date. The defendant's motion was effectively denied because of a clerical oversight, not because of any deliberation on the merits. *See Stokes v. State, supra* at 276. Had the trial judge's attention been drawn to the motion, he would not have been loath to grant it based on the perceived interests of the prosecution; on the contrary, the judge would have recognized that the City's interest in a proper trial date was congruent with the defendant's. This congruency of interests would only have made the judge *more* likely to grant the motion; it would have reassured him that "the risk of [an] erroneous determination"

prejudicial to the City was negligible. *See Wherley,* at 347.

The majority latches onto an asserted inadequacy in the defendant's motion in order to justify a clerical mistake by the trial court. In the past we have opposed excusing speedy trial rule violations caused by administrative problems. *See State v. Mack,* 89 Wn.2d 788, 794–95, 576 P.2d 44 (1978); *see also City of Bremerton v. Hoyt,* 44 Wn. App. 135, 138–39, 721 P.2d 539 (1986); *State v. Ramsay,* 41 Wn. App. 380, 704 P.2d 657 (1985). We should not abandon that position now.

For these reasons I dissent.

UTTER and GOODLOE, JJ., concur with PEARSON, C.J.