**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| BROOKE ANDERSON,<br><br>                 Respondent,<br><br>v.<br><br>CUSTOMARRAY, INC.,<br><br>                 Appellant.<br><br>_____<br><br>CUSTOMARRAY, INC.,<br><br>                 Appellant,<br><br>v.<br><br>MICHAEL GHIAS and BROOKE ANDERSON,<br><br>                 Respondents. | No. 86488-2-I (consolidated with No. 86770-9-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — This consolidated case involves the validity of an arbitration agreement and an arbitration award under that agreement. CustomArray, Inc., appeals a trial court order confirming an interim arbitration award requiring that it reimburse former shareholders for the costs of arbitration. CustomArray also appeals a trial court

order, in a separate matter, dismissing CustomArray's action for injunctive and declaratory relief challenging the validity of the underlying arbitration provision.

We reverse the trial court's orders in case no. 24-2-03563-0 SEA, denying consolidation, and confirming the arbitration award. We also vacate the court's judgment in that matter.

Because we reverse the confirmation order, we also reverse the trial court's order in case no. 24-2-00002-0 SEA, granting Anderson's motion to dismiss CustomArray's declaratory judgment action as moot. We also vacate the court's judgment in that matter.

We remand to the trial court where the cases should be consolidated for further proceedings.

I

On December 24, 2017, the shareholders of CustomArray agreed to sell their shares to GenScript USA Holding, Inc. The stock purchase agreement (SPA) was signed by Brooke Anderson as the CEO of CustomArray and by Mike Ghias as the shareholders' representative. The same day, the shareholders executed a shareholder agreement (agreement) in which they agreed to certain post-closing payments and to resolve all claims or controversies related to the agreement by binding arbitration. The agreement provides that the "arbitrator's expenses and fees, together with other administrative expenses and filing fees, shall be paid by [CustomArray]." The agreement was signed by all the shareholders including Anderson and Ghias. Ghias also signed the agreement as the shareholders' representative. Unlike the SPA, Anderson did not sign the agreement separately as the CEO of CustomArray.

-2-

In October 2022, Anderson initiated arbitration against Ghias, in his capacity as the shareholders' representative, for claims arising out of the sale and the agreement. In December 2022, CustomArray was sent the first invoice for the arbitration service and refused to pay.

On November 9, 2023, the arbitrator denied CustomArray's motion to be dismissed from the arbitration and determined that CustomArray was a party to the agreement and responsible for fees and expenses of the arbitrator. The arbitrator ordered CustomArray to reimburse Anderson, to pay any additional fees, and to pay remedial sanctions in the amount of $1,500. The arbitrator denied CustomArray's motion for reconsideration.

On January 2, 2024, CustomArray filed an action against Anderson and Ghias for declaratory judgment in King County Superior Court. The case was assigned case no. 24-2-00002-0 SEA. CustomArray filed an amended complaint on January 3, 2024. CustomArray sought a declaratory judgment determining that it was not a party to the arbitration and an order enjoining the arbitration from conducting further proceedings as to CustomArray. The complaint and a 20-day summons were served on Anderson's wife at their home on January 18, 2024. The complaint and a 60-day summons were served on Anderson at his home on March 5, 2024.

On February 23, 2024, in a separate action, Anderson moved to confirm the arbitrator's order as a "interim arbitration award" and asserted that he was entitled to confirmation of the "final award" under RCW 7.04A.220.[1] The motion was filed in King

---

[1] Anderson originally filed a petition ex parte via the clerk on February 14, 2024, and the court commissioner entered an order confirming the arbitration award. The order was later vacated because only stipulated arbitration awards may be confirmed ex parte.

County Superior Court and assigned case no. 24-2-03563-0 SEA. Anderson sought reimbursement of $18,600 for arbitration costs, $30,000 for the current cost of arbitration, and $1,500 in remedial sanctions assessed by the arbitrator. Anderson also asked the court to retain jurisdiction until the arbitration proceeding concluded and a final award was entered. Anderson noted that CustomArray had not sought to modify or vacate the award within 90 days as required under RCW 7.04.230.

CustomArray argued in opposition that the matter of arbitrability was already properly before the court under RCW 7.04A.060 in its previously filed separate cause. CustomArray also asserted that its application for declaratory relief was timely because the complaint was filed within 90 days of when the award was entered. CustomArray argued the motion to confirm should be denied under RCW 7.04A.230(1)(d) and (e) because there was no agreement to arbitrate and the arbitrator exceeded their authority. CustomArray also asserted the petition should not be granted while an action that would undermine the award was pending.

On March 1, 2024, CustomArray moved to consolidate the actions.

On March 7, 2024, the trial court in Anderson's action (Judge 1) granted Anderson's petition to confirm the arbitration award. Anderson filed a cost bill in the amount of $11,173.75. The court entered judgement for $61,273.75. On March 15, 2024, Judge 1 denied CustomArray's motion for consolidation as moot.

On March 29, 2024, Anderson moved to dismiss CustomArray's declaratory judgment action under CR 12(b)(6). Anderson argued res judicata and collateral estoppel applied to CustomArray's claims because of the final judgment entered on March 7. He also sought attorney fees and costs under RCW 4.84.185 for defending

against a frivolous action and for the added expense caused by CustomArray's assertion of long-arm jurisdiction. CustomArray opposed the motion arguing that the priority action rule divested Judge 1 of jurisdiction because it filed its complaint first.

On April 26, 2024, the trial court (Judge 2) granted Anderson's motion and dismissed CustomArray's complaint with prejudice citing res judicata, collateral estoppel, and failure to state a claim upon which relief can be granted. The court determined that Anderson was entitled to reasonable attorney fees under the arbitration statute and denied attorney fees and costs under RCW 4.28.185. The court entered judgment for $23,807.47.

CustomArray appeals.

II

CustomArray argues the trial court erred by failing to address arbitrability because under RCW 7.04A.060(2) the issue is determined by the courts, not the arbitrator.

A

"[A]rbitration in Washington State is governed exclusively by statute." Broom v. Morgan Stanley DW Inc., 169 Wn.2d 231, 236, 236 P.3d 182 (2010). The rights of the parties are governed by the Uniform Arbitration Act (UAA), chapter 7.04A RCW. See also MBNA Am. Bank, N.A. v. Miles, 140 Wn. App. 511, 513, 164 P.3d 514 (2007). "[A]n arbitration agreement 'is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of contract.'" Saleemi v. Dr.'s Assocs., Inc., 176 Wn.2d 368, 375, 292 P.3d 108 (2013) (citing RCW 7.04A.060(1)). Under the UAA, courts "shall decide whether an agreement to arbitrate exists or a controversy is

subject to an agreement to arbitrate." RCW 7.04A.060(2); Burnett v. Pagliacci Pizza, Inc., 196 Wn.2d 38, 46, 470 P.3d 486 (2020). "Whether a person is bound by an agreement to arbitrate is a legal question that is to be determined by the courts." Woodall v. Avalon Care Ctr.-Fed. Way, LLC, 155 Wn. App. 919, 923, 231 P.3d 1252 (2010) (citing Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 809, 225 P.3d 213 (2009)). "Whether a particular person is bound by an agreement is a threshold question of arbitrability." Raven Offshore Yacht, Shipping, LLP v. F.T. Holdings, LLC, 199 Wn. App. 534, 541, 400 P.3d 347 (2017).

B

CustomArray raised a threshold question of arbitrability—whether it is a party to and bound by the agreement to arbitrate. While CustomArray did not move to stay arbitration at the outset, it raised the issue of arbitrability in response to Anderson's demand for arbitration. And CustomArray's initial participation in the arbitration proceedings did not waive this threshold issue.[2] The issue of arbitrability as to CustomArray was properly before the trial court in Anderson's action as a matter of law.

C

We next address whether CustomArray's complaint is sufficient and timely under the UAA as a motion to vacate the award.

---

[2] Under the UAA, a party may waive the issue of arbitrability if they participate in arbitration without raising the issue. RCW 7.04A.230(1)(e). Because CustomArray raised the threshold issue of arbitrability before the arbitrator and there is no indication in the record that CustomArray wished to forgo judicial review, CustomArray has not waived the issue of arbitrability. ML Park Place Corp. v. Hedreen, 71 Wn. App. 727, 736, 862 P.2d 602 (1993) (Adopting the federal approach which permits "judicial review of arbitrability even where the objecting party neglected to seek a court order staying arbitration and chose to submit the arbitrability issue to the arbitrator.").

CustomArray asserts it properly moved for relief under the UAA because nothing precludes it from making a motion for relief in the complaint and the complaint was filed before the 90-day deadline. CustomArray further asserts the contents of the complaint complied with CR 7(b) and the lack of labeling as a motion is not dispositive. We agree.

After an arbitrator makes, authenticates, and gives notice, of an award, a party may file a motion with the trial court to confirm the award. RCW 7.04A.220. The trial court must confirm the award unless the award is modified, corrected, or vacated. RCW 7.04A.220. A party may move to vacate an award on the grounds there was no agreement to arbitrate. RCW 7.04A.230(1)(e); see also RCW 07.04A.050 (a party seeking relief under the UAA must make a motion to the court). A party seeking to vacate an award must file a motion to vacate within 90 days after the movant receives notice of the award. RCW 7.04A.230(2). CR 7(b) requires that a motion shall be made in writing and state with particularity the grounds for the order and the relief sought. If the court determines there was no agreement to arbitrate, it must vacate the award. RCW 7.04A.230(1).

"It is well established that pleadings are to be liberally construed." State v. Adams, 107 Wn.2d 611, 620, 732 P.2d 149 (1987). "If a complaint states facts entitling the plaintiff to some relief, it is immaterial by what name the action is called." Adams, 107 Wn.2d at 620. If the substance of the complaint meets the minimum requirements for a motion, it is sufficient. See Colorado Nat'l Bank of Denver v. Merlino, 35 Wn. App. 610, 615, 668 P.2d 1304 (1983) (holding the substance of a letter that met the requirements for a motion was sufficient to move for reconsideration).

In City of Kennewick v. Vandergriff, our Supreme Court analyzed whether a letter to the court clerk constituted a motion. 109 Wn.2d 99, 101-02, 743 P.2d 811 (1987). The letter at issue did not contain the word motion and did not ask for any specific relief. Vandergriff, 109 Wn.2d at 100-01. But because the letter included the case name and number and contained reference to the rule at issue it was "abundantly clear" what relief was sought. Vandergriff, 109 Wn.2d at 102. The court held the "letter was sufficiently explicit to constitute a motion." Vandergriff, 109 Wn.2d at 102.

Here, the parties agree that the deadline for filing a motion to vacate was February 7, 2024. CustomArray filed and served its complaint before February 7, within the 90-day window.[3] And the complaint for declaratory judgment set forth the parties and made clear the relief sought. The complaint cited the UAA and sought a declaratory judgment that it was not a party to the arbitration—an issue of law decided by the courts. And under the Uniform Declaratory Judgments Act, ch. 7.24 RCW, courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." RCW 7.24.010. The complaint was sufficiently explicit and particular to constitute a motion to vacate the award as required by the UAA and CR 7.

CustomArray timely and properly moved to vacate the award on the grounds that there was no agreement to arbitrate under RCW 7.04A.230. Accordingly, under RCW

---

[3] Anderson argues that the complaint was untimely because the service was not perfected within 90 days. He is incorrect. Nothing in the UAA requires perfection of service within 90 days. RCW 7.04A.230 requires a motion to vacate an arbitration award be "filed" within 90 days. Similarly, RCW 7.04A.240 requires a motion to modify or correct an award by filed within 90 days. RCW 7.04.050(2) requires that notice of the motion be "served in the manner provided by law for the service of summons in a civil action." CustomArray served Anderson by leaving a copy of the complaint and summons with Anderson's wife at his abode on January 18, 2024. See RCW 4.28.080(14).

7.04A.220, the trial court (Judge 1) erred in not addressing the motion to vacate before confirming the award.

III

Lastly, we turn to the procedural issues stemming from the parties filing of parallel cases. CustomArray argues that the trial court erred by first ruling on Anderson's motion to confirm the award. CustomArray points to the priority of action rule in support. But the priority of action rule generally applies to cases filed in different jurisdictions, which is not the situation here. See Pac. Lutheran Univ. v. Certain Underwriters at Lloyd's London, 2 Wn.3d 628, 643, 541 P.3d 358 (2024) ("The priority of action rule has been recognized and applied where similar or parallel actions are filed in multiple Washington counties, in a federal district court in Washington and a Washington state court, and in an administrative agency tribunal and a Washington state court.").

Parallel actions filed in the same court may be consolidated under CR 42. Under CR 42(a), "actions involving a common question of law or fact" may be consolidated or the court may order a joint hearing to avoid unnecessary costs or delay. The rule is permissive, and a trial court's denial of consolidation "will be affirmed unless there has been an abuse of discretion and the moving party shows prejudice." Summers v. Sea Mar Cmty. Health Ctrs., 29 Wn. App. 2d 476, 488, 541 P.3d 381, review denied, 3 Wn.3d 1002 (2024). If a ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis, necessarily there is an abuse of discretion. Dix v. ICT Grp., Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

Here, the actions involved a common question of arbitrability, which is a question of law as discussed above. Woodall, 155 Wn. App. at 923. The trial court (Judge 1) denied the motion for consolidation as moot based on the order confirming the award. But the confirmation order was based on an erroneous view or application of the law— namely, that CustomArray's complaint was untimely or insufficient and that the threshold issue of arbitrability was not properly before the court. See RCW 7.04A.060(2). The trial court abused its discretion by denying the motion to consolidate as moot.

We reverse the trial court's order in case no. 24-2-03563-0 SEA denying consolidation and the order confirming the arbitration award. We also vacate the court's judgment in that matter.

Because we reverse the confirmation order, we also reverse the trial court's order in case no. 24-2-00002-0 SEA, granting Anderson's motion to dismiss CustomArray's declaratory judgment action as moot.[4] We also vacate the court's judgment in that matter.

We remand to the trial court where the cases should be consolidated for further proceedings.[5]

---

[4] The trial court dismissed the complaint based on principles of collateral estoppel and res judicata which do not apply given our holding that the trial court erroneously failed to address the threshold issue of arbitrability. The trial court also determined CustomArray failed to state a claim upon which relief may be granted but, as discussed above, CustomArray properly and timely moved to vacate the award.

[5] Anderson requests attorney fees on appeal under RAP 18.1(a), which authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." As "applicable law," Anderson cites RCW 7.04A.250(3) which allows a prevailing party to seek attorney fees and reasonable expenses. Because we agree with CustomArray, Anderson is not the prevailing party and thus is not entitled to fees on appeal.

_Mann, J._

WE CONCUR:

_, ACJ_  _Diane, J._