[No. 12304-5-II.   Division Two.   November 22, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. RYAN
DAVID BARTLETT, *Appellant*.

*Kevin B. McGoffin* and *McGoffin & McGoffin,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

WORSWICK, J.—Ryan David Bartlett appeals his conviction for first degree assault (RCW 9A.36.010), claiming violation of his right to a speedy trial under CrR 3.3(c)(1). We affirm.

Bartlett was arraigned September 21, 1987, following an April 30 incident in which a security guard was robbed and shot. The court set trial for November 4, 44 days after arraignment. Bartlett remained in jail in lieu of $50,000 bail.

As the trial date neared, Bartlett's attorney, having learned that Bartlett had confessed to police officers, gave the prosecutor signed but undated waiver and continuance forms, telling him that Bartlett would plead and that there would be no trial. The prosecutor held the forms in his file. On November 20, the attorneys agreed that a plea would be entered November 25. Because of the Thanksgiving holiday, however, the court struck all criminal matters for November 25.

On December 29, Bartlett's lawyer wrote the prosecutor asking that a trial date be set, and the attorneys agreed to a date between February 22 and 29. On January 5, 1988, 45 days after the November 21 speedy trial expiration date, the prosecutor presented the waiver and continuance forms, and the court set a February 24 trial date.

Bartlett, acting on his own, wrote the court January 15 requesting a trial within 60 days of that date. Then he moved the court on February 1 for substitution of counsel. On February 10, the new attorney moved for dismissal with prejudice under CrR 3.3(i), claiming that the prosecutor's failure to file the forms with the court before the November 21 expiration of the original speedy trial period violated Bartlett's speedy trial rights. The motion was denied following a hearing on February 25.[1]

█ Bartlett's claim fails. Neither the timely original trial date nor the November 25 plea date was aborted through any fault of the prosecutor. Before the November 4 trial date, Bartlett signed undated forms waiving his *procedural* right to be tried within 60 days of his arraignment.

---

[1] After additional agreed continuances, which purported to reserve Bartlett's speedy trial argument, the case was tried to the court on stipulated facts. Bartlett raises no issues concerning the trial.

*See State v. Campbell,* 103 Wn.2d 1, 15, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094, 85 L. Ed. 2d 526, 105 S. Ct. 2169 (1985). Then, well beyond the expiration of the original speedy trial period, Bartlett's attorney contacted the prosecutor to set another trial date, and the prosecutor complied. Bartlett would be hard put to complain about the acts of his attorney, who shares responsibility for protecting his client's speedy trial rights. *See State v. Raper,* 47 Wn. App. 530, 538, 736 P.2d 680, *review denied,* 108 Wn.2d 1023 (1987). After all this, Bartlett announced his intention to rely on the speedy trial rules *after* the expiration of the 60–day period, when he wrote the court January 15 requesting a trial within 60 days of *that date.* He cannot expect a dismissal in view of this tardy reliance on CrR 3.3. *See State v. Fladebo,* 113 Wn.2d 388, 394, 779 P.2d 707 (1989).

At bottom, this case is governed by the fundamental principle that when the duration of a waiver under the rule is not specified, the waiver is effective until the date of the trial contemporaneously or subsequently set by the court. *State v. Pomeroy,* 18 Wn. App. 837, 842, 573 P.2d 805 (1977). *Cf. State v. Ramsay,* 41 Wn. App. 380, 704 P.2d 657 (1985) (waiver bearing an explicit expiration date is effective until its expiration date). Bartlett's waiver was undated and contained no expiration date. Thus, it was still effective on January 5, 1988, when the trial court set a new trial date of February 24. When Bartlett himself requested a trial within 60 days of January 15, the State arguably even had until March 15, 1988, to bring Bartlett to trial.

There was no violation of Bartlett's procedural right to a speedy trial.

Affirmed.

REED, C.J., and PETRICH, J., concur.