[No. 28711-7-I.   Division One.   August 2, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. GRETCHEN
ETHEL EKSTEDT, *Appellant.*

*Bryan C. Hugo,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Drew Zavatsky,
Deputy,* for respondent.

BAKER, J. — Gretchen Ekstedt appeals her conviction for
possession of cocaine, contending (1) the trial court erred in
denying her motion to suppress evidence on the ground that
the search was illegal, and (2) that her right to a speedy trial
was violated.[1] Finding that Ekstedt was not tried within the

---

[1] We decide this case on the basis of the speedy trial issue and therefore do not
address the suppression issue.

time limits prescribed by CrR 3.3, we reverse Ekstedt's conviction and dismiss the charge against her with prejudice.

FACTS

Prior to trial, Ekstedt filed a motion to dismiss on speedy trial grounds. The trial judge denied the motion, ruling in part that the time elapsed in district court should not factor into the speedy trial calculation because Ekstedt filed a speedy trial waiver in district court.

The chronology of events relevant to the speedy trial issue is as follows:

| | |
|---|---|
| 03/29/90 | Charge filed against defendant |
| 04/09/90 | Defendant appears in district court for arraignment |
| 05/02/90 | Defendant files 60-day speedy trial extension |
| 06/13/90 | Charge dismissed from district court |
| 08/03/90 | Charge filed in superior court |
| 08/13/90 | Arraignment set; defendant failed to show |
| 10/02/90 | Defendant contacted at residence |
| 10/04/90 | Defendant's notice of appearance |
| 10/05/90 | Arraignment; defendant makes first superior court appearance. Defendant files objections to date of arraignment and trial date on speedy trial grounds[2] |
| 12/26/90 | Stipulated trial |

Ekstedt argues that she did not receive a speedy trial under CrR 3.3. CrR 3.3(c)(2)(i) provides in part as follows:

> If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is not detained in jail or subjected to conditions of release,

---

[2]For the first time in oral argument, the State raised the issue of the adequacy of Ekstedt's objections to the dates of the arraignment and trial, contending that Ekstedt's objections were insufficient to preserve the issue for appeal. Under RAP 12.1, an appellate court will decide a case only on the basis of issues set forth by the parties in their briefs, unless the court decides that the issue needs to be considered to properly decide the case. See RAP 12.1; *State v. Johnson*, 119 Wn.2d 167, 170, 829 P.2d 1082 (1992). We decline to address this issue on the merits.

the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information or indictment. . . . A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court.

Under CrR 3.3(c)(2), the State had 90 days after the date of arraignment, less the time elapsed in district court, to bring Ekstedt to trial. Thus, in order to calculate the length of the speedy trial period in superior court, we must first determine the length of time elapsed in district court.

CrR 3.3(c)(2)(ii) provides in part:

(ii) "Time elapsed in district court" means the following: . . . If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. Time elapsed in district court ends with the earlier of (a) an oral or written order of dismissal entered by the district court, or (b) the filing of an information or indictment in superior court.

The time elapsed in district court in this case commenced on April 9, 1990, the date of Ekstedt's first appearance in district court, and, except for the waiver, ended on June 13, 1990, the date the charge was dismissed from district court. Under CrR 3.3(c)(2)(ii), the total time elapsed in district court was 65 days.

We must next decide what effect the 60-day waiver/extension of speedy trial rights filed in district court has on the time elapsed in district court calculation, if any. The waiver states:

I am the defendant in this case. I know that I have the right to have my trial within 60/90 days from my first appearance. If my trial is not within 60/90 days from the first appearance, I am entitled to have my case dismissed. I have read and understand my right to a speedy trial. I give up or waive that right only for an additional 60 days beyond the expiration date.

The trial court did not subtract any of the time that elapsed in district court in calculating the applicable speedy trial

period, stating: "No time is included from the District Court proceeding because of the waiver of speedy trial which was filed therein before the dismissal."

■ ■ CrR 3.3 does not state whether a waiver filed in district court has any effect on a defendant's superior court speedy trial rights, nor does it address the issue of whether the waiver applies prospectively only or retrospectively, thereby excluding all time in district court. In *State v. Garnier*, 52 Wn. App. 657, 763 P.2d 209 (1988), *review denied*, 112 Wn.2d 1004 (1989), *overruled on other grounds in State v. Stephens*, 116 Wn.2d 238, 803 P.2d 319 (1991), Division Three considered the effect of a waiver on the defendant's speedy trial rights. The court held that the waiver was effective for the period from the date on which it was signed until its specified duration, and that period was then excluded from the speedy trial calculation. The court included the time between defendant's first appearance and the signing of the waiver in the period of time elapsed for speedy trial purposes. *Garnier*, 52 Wn. App. at 660. Thus, in at least one case addressing the issue, a waiver of speedy trial rights was deemed to apply prospectively only from the date the waiver was filed.

We hold that the waiver applies prospectively, such that the time elapsed in district court runs from the date of Ekstedt's initial appearance, April 9, 1990, to the date the waiver was filed, May 2, 1990, or a total of 23 days. Subtracting the time elapsed in district court, 23 days, from the 90-day period prescribed under CrR 3.3(c)(2)(ii), the State had 67 days within which to bring Ekstedt to trial.

Ekstedt's stipulated trial was held on December 26, 1990, 82 days after the arraignment in superior court. Because Ekstedt was not tried within the speedy trial period prescribed by CrR 3.3(c)(2)(i), the charge against her should have been dismissed on proper motion. *State v. Greenwood*, 120 Wn.2d 585, 607, 845 P.2d 971 (1993).

We reverse the conviction and order the charge dismissed with prejudice.

COLEMAN and AGID, JJ., concur.