[No. 14849-8-II.    Division Two.    August 19, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ANNETTE
WACHTER, *Petitioner.*

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for respondent.

ALEXANDER, C.J. — Annette Wachter appeals an order of the Kitsap County Superior Court affirming her conviction for driving while under the influence of intoxicants. We affirm.

On January 9, 1989, Annette Wachter was arrested in Bremerton and charged in the Kitsap County District Court with the offense of driving while under the influence of intoxicants. RCW 46.61.502. Wachter's trial was originally scheduled for March 22, 1989. After three defense-requested continuances, Wachter's trial was reset for October 17, 1989. Although Wachter's counsel was furnished with an order stating that the trial would be held at 9 a.m. on that date, Wachter was not present in court at 9 a.m. on October 17 when the district court judge called her case.[1] The district court judge noted: "Show here the defendant[] failed to appear at this time." At the request of Wachter's attorney the trial court agreed to delay issuing a bench warrant for Wachter's arrest until later that day, in order to give the attorney an opportunity to locate her.[2] The trial court then commenced selecting a jury in another case which apparently had been given priority.

Wachter's attorney immediately contacted Wachter at her home and learned that she had not understood that she was to be present in court at 9 a.m. that morning. On advice of

---

[1]Apparently, it is customary for the Kitsap County District Court to set more than one case for trial at a time certain. When the cases are called, those that are ready to be tried are tried in an order determined by the court.

[2]Wachter had been released from custody on her own recognizance, subject to a condition that she appear in court when required.

the attorney, Wachter immediately left her home for the Kitsap County courthouse, arriving there at approximately 11 a.m. At 11:30 a.m., the district court judge took a recess from the jury selection process in the priority case and again called Wachter's case. Wachter and her attorney were then present. The State asked that the case be set for trial on another date. Wachter's counsel resisted the State's request, contending that Wachter's failure to appear was inadvertent and that the State was not prejudiced by her late appearance. The trial court granted the State's request and reset Wachter's trial for January 10, 1990, concluding that Wachter's 90-day time to trial period would begin anew because of her failure to appear earlier that morning when her case was first called.

A jury trial was held on January 10 and 11, 1990. The jury found Wachter guilty of the charge. Wachter appealed to the Kitsap County Superior Court raising, among others, the time to trial issue. The Superior Court affirmed her conviction and we, thereafter, accepted review.

There is only one issue: Did the trial court err in extending the time for trial, pursuant to the provisions of CrRLJ 3.3(d)(2), due to Wachter's failure to appear in district court at the time her case was called for trial, despite her appearance in that court approximately 2 hours later?

As a general principle, defendants who are released from jail are to be brought to trial not later than 90 days after the date of their arraignment. CrRLJ 3.3(c)(1). However, when a defendant who has already been arraigned but is not in custody fails to appear for trial, she "shall" be brought to trial not later than 90 days after the date she does appear in court. CrRLJ 3.3(d)(2).

Wachter contends that she did not fail to appear and, consequently, CrRLJ 3.3(d)(2) has no application. Although she concedes she was not present in the district court on October 17, at the time her case was first called, she argues that her appearance at the trial court within 2 hours of 9 a.m. was an appearance for trial. In support of this argument, Wachter points to the fact that her case could not

have gone out for trial at 9 a.m. because another case had priority.[3] The State responds that the rule is clear and that Wachter's absence at the 9 a.m. status call of cases was a failure to appear for trial, which gave the trial judge the authority, pursuant to CrRLJ 3.3(d)(2), to extend the time for trial.

■■■ Court rules are to be interpreted in the same manner as statutes. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). The primary goal of such interpretation is to effectuate the rule's intent. *State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992). Where the language of a rule is plain and unambiguous, the language will be given its full effect. *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991). Language in a court rule is not ambiguous unless it is susceptible to more than one reasonable meaning. *Johnson*, 119 Wn.2d at 172. If a rule is ambiguous, the rule of lenity requires it be strictly and liberally construed in favor of the defendant. *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988).

■■■ Here, it is apparent that the intent behind CrRLJ 3.3(d)(2) is to give courts of limited jurisdiction control over their dockets. *See State v. Johnson*, 56 Wn. App. 333, 337, 783 P.2d 623 (1989).[4] The rule in question accomplishes that goal by allowing the trials of defendants who have respected the trial court's schedule to proceed, while permitting the rescheduling of the trials of defendants who have failed to be as diligent. Wachter fails to demonstrate a different reasonable meaning of the rule. In short, the rule is not ambiguous. Wachter's suggestion that the rule of lenity applies is, therefore, without merit.

While the rule may appear to permit harsh results, such rules are made necessary by the crush of litigation that

---

[3]Wachter's attorney had previously been notified by the deputy prosecuting attorney that Wachter's trial could not begin on the morning of October 17 because another case had priority for a jury trial on that date. That information, according to Wachter's attorney, was not conveyed to Wachter prior to 9 a.m. on October 17, 1989.

[4]The related rule for superior courts is CrR 3.3(d)(2).

confronts modern courts. Firm and fair application of the rule will benefit all litigants who have matters pending in our busy courts. Furthermore, the trial court was not as harsh in applying the rule as it could have been. When the 9 a.m. call of the cases ready for trial had concluded, the trial court could have issued a bench warrant for Wachter's arrest because of her failure to appear. It chose not to do so, but rather rescheduled the trial following her appearance, at 11:30 a.m. The trial court did not err in rescheduling Wachter's trial and, therefore, the Superior Court did not err in affirming the District Court.

SEINFELD, J., and GREEN, J. Pro Tem., concur.

Review denied at 123 Wn.2d 1014 (1994).