[No. 21648-9-III. Division Three. May 13, 2004.]

THE STATE OF WASHINGTON, *Petitioner*, v. BRUCE HAMILTON, *Respondent*.

*Steven M. Clem, Prosecuting Attorney,* and *Nancy A. Harmon, Deputy,* for petitioner.

*Jeffrey C. Barker,* for respondent.

BROWN, J.— For the first time we decide a speedy trial waiver expires upon dismissal of charges in one county even though the charges are refiled in another county. We affirm the Douglas County Superior Court's speedy trial reversal

of Bruce Hamilton's driving under the influence of intoxicating liquor or drugs (DUI) conviction.

## FACTS

On December 10, 2000, a law officer cited Mr. Hamilton for DUI in Chelan County. On December 11, he was arraigned in the Chelan County District Court and released on his own recognizance (Chelan County Cause No. C 11037 CHS).

On January 26, 2001, Mr. Hamilton signed a waiver of right to speedy trial to May 15, 2001, but the trial court did not sign it and it was never filed. On February 15, the district court entered a motion and order granting Mr. Hamilton's request for a continuance, and therefore struck the previously set trial dates and set the pretrial conference for March 13.

At the March 13, 2001 hearing, Mr. Hamilton requested "a fairly lengthy continuance," so he could undergo a treatment program at a Spokane hospital. Clerk's Papers (CP) at 3. Mr. Hamilton told the trial court it would be a three month substance abuse treatment program. Mr. Hamilton further explained he had been in the program since December 2000 and would like to continue. The State objected to a lengthy continuance, partly reasoning Mr. Hamilton should be able to get away from the treatment program to appear in court. The State suggested Mr. Hamilton could waive the trial date "to March 27 or whatever time your Honor is available." CP at 9. The parties agreed the then current speedy trial deadline was May 15.

Defense counsel then handed up to the trial court a signed speedy trial waiver effective "until the 31 day of May, 2001." CP at 87. The following exchange then took place between the trial court and Mr. Hamilton:

> THE COURT: . . . Mr. Hamilton, I've just been forwarded a document called a waiver of right to speedy trial. Did you have an opportunity to discuss this with your attorney, Mr. Yedinak?

MR. HAMILTON: Yes I have.

THE COURT: And is that your signature on the bottom?

MR. HAMILTON: It's my signature.

THE COURT: By signing this, you're agreeing that the State has 'til May 31 of 2001 to bring this to trial, which is beyond the original time you gave, do you understand that?

MR. HAMILTON: Yes.

. . . .

THE COURT: Okay. Court will accept your waiver through May 31, 2001.

CP at 10-11.

Trial was set for April 18, 2001. On April 12, Mr. Hamilton was arraigned on an added charge of reckless driving. On April 18, 2001, the Chelan County District Court filed an April 13 order of dismissal partly stating "that all parties agree that proper jurisdiction and venue lies with Douglas County." CP at 88.

On May 3, 2001, the State filed in the Douglas County District Court a criminal complaint alleging single counts of DUI and reckless driving. Mr. Hamilton was arraigned in that court on May 15 (Douglas County Cause No. C01-00030 CHS). On May 16, the trial court set the pretrial hearing for July 11. On May 22, he filed his plea of not guilty entered on May 17.

On June 8, the Douglas County court rescheduled the pretrial conference to June 11. On June 11, Mr. Hamilton moved to dismiss for a speedy trial violation and the court scheduled a hearing for June 18. At the June 18, 2001 hearing, the district court reasoned that 48 days remained in Mr. Hamilton's waiver period at the time of the April 13 dismissal. The trial court then excluded the time between the April 13 dismissal and the May 15 arraignment, and restarted the 48 days of the waiver period on May 15, which the court reasoned would result in a speedy trial date of July 2. The trial court suggested a June 22 trial date, but Mr. Hamilton objected, stating he did not have enough time to prepare.

At a June 28 stipulated facts trial, the district court found Mr. Hamilton guilty of DUI and dismissed the reckless driving charge. The court sentenced him to 365 days in jail with 320 days suspended.

Mr. Hamilton appealed to the Douglas County Superior Court. On November 22, 2002, the superior court entered a memorandum decision reversing the conviction on speedy trial grounds. The superior court reasoned that 67 days of speedy trial time had elapsed at the time of dismissal in Chelan County. The superior court then concluded:

> Along with the [Chelan County] dismissal, in this Court's view, went all documents associated with the case, including Defendant's waiver through May 31. After the charges were re-filed in Douglas County, the State had twenty-three days within which to bring the Defendant to trial. Trial did not occur within twenty-three days. The decision of the District Court is reversed as the failure to try the Defendant within the time period provided by CrRLJ 3.3 requires the dismissal.

CP at 118.

A commissioner of this court granted the State's motion for discretionary review.

## ANALYSIS

The issue is whether the superior court erred in reversing and dismissing Mr. Hamilton's district court convictions because of an alleged speedy trial violation.

■■ Application of a court rule to a specific set of facts is an issue of law we review de novo. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). We interpret court rules as if they were statutes, in accordance with the underlying legislative purpose. *Id.* "A criminal charge not brought to trial within the time period provided by this rule shall be dismissed with prejudice." Former CrRLJ 3.3(i) (1987).

The Chelan County District Court released Mr. Hamilton after his arraignment. "A defendant released from jail

whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment." Former CrRLJ 3.3(c)(1) (1987).

■ The Chelan County court dismissed the charges on a stipulation. The parties agreed the facts of the incident made it more amenable to prosecution in Douglas County. The State later charged Mr. Hamilton in Douglas County with identical charges under a different cause number.

There is some question as to whether the trial court ordered a change of venue. The applicable court rule partly states:

> If a change of venue has been granted, the case shall be transferred to the receiving court as soon as practicable but within 7 days and the defendant shall be brought to trial as prescribed by this rule or not later than 30 days following the date upon which the court to which the case is being transferred for trial receives the filing of the case, whichever is later.

Former CrRLJ 3.3(d)(5) (1987).

"The court shall order a change of venue upon motion and showing that the action has not been prosecuted in the proper district." CrRLJ 5.2(a). The court may also order a change of venue with the defendant's consent in certain situations, such as a "written agreement of the prosecuting authority and the defendant." CrRLJ 5.2(b)(1).

Here, the Chelan County court did not order a change of venue pursuant to a motion for that purpose. It dismissed the case pursuant to a stipulated dismissal motion and left it up to the State whether it would file charges in Douglas County. Although the procedure followed here bears some outside similarity to CrRLJ 5.2(b)(1), it was not properly a change of venue. Consequently, former CrRLJ 3.3(d)(5) (1987) does not apply.

■ ■ Another issue is when the speedy trial clock started for purposes of the Douglas County prosecution. This issue turns on whether the following rule applies:

> If a defendant is required to be rearraigned on a charge that arises out of the same occurrence and has the same elements of

proof as those upon which the defendant was previously arraigned, the time for trial established in this section shall commence on the date of the previous arraignment.

Former CrRLJ 3.3(c)(5) (1987).

The foregoing rule does not address the situation present here, where the second arraignment occurs in a district court in another county. A court rule is ambiguous if "it is susceptible to more than one reasonable meaning." *State v. Wachter*, 71 Wn. App. 80, 83, 856 P.2d 732 (1993) (citing *State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992)). "If a rule is ambiguous, the rule of lenity requires it be strictly and liberally construed in favor of the defendant." *Wachter*, 71 Wn. App. at 83 (citing *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988)).

This court can reasonably interpret the plain language of this rule to apply equally to situations where rearraignment occurs in (1) the same district court, (2) another district court in the same county, or (3) a district court in another county. The rule is ambiguous; therefore, the rule of lenity requires an interpretation most favorable to Mr. Hamilton. *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991). The interpretation most favorable to him requires the first arraignment date to apply when the subsequent arraignment occurs in a different county. Accordingly, the time for trial clock started on the original arraignment date of December 11, 2000.

 The critical issue is the effect of Mr. Hamilton's speedy trial waiver to May 31, 2001. The parties argue opposite effects. Mr. Hamilton argues alternatively that the dismissal extinguished the remaining waiver period, or the waiver continued and ran out on May 31. The State argues the period between the Chelan County dismissal and the arraignment in Douglas County tolled the waiver period, pushing the speedy trial cutoff past the trial date. The Douglas County District Court adopted the State's position. The superior court reasoned the waiver ended at the time of dismissal and that the State did not bring Mr. Hamilton to

trial within what it calculated to be 23 remaining days left on the speedy trial clock. We agree with the superior court.

The court rule governing waiver of speedy trial rights states:

A defendant may waive his or her time for trial rights. A waiver shall be in writing and shall be signed by the defendant, or by the defendant's lawyer with the express authority of the defendant stated in the waiver. The waiver shall be to a date certain beyond the current expiration date as calculated pursuant to this rule or for a period of days beyond the current expiration date.

Former CrRLJ 3.3(j) (1987).

If the waiver has no express expiration date or set period of days, it is effective to the date of the trial contemporaneously or subsequently set by the trial court. *State v. Bartlett*, 56 Wn. App. 77, 79, 782 P.2d 570 (1989); *City of Bremerton v. Hoyt*, 44 Wn. App. 135, 138, 721 P.2d 539 (1986); *State v. Pomeroy*, 18 Wn. App. 837, 842, 573 P.2d 805 (1977). By contrast, a waiver bearing an explicit expiration date is effective until that date. *State v. Ramsay*, 41 Wn. App. 380, 383, 704 P.2d 657 (1985); *State v. Burroughs*, 23 Wn. App. 190, 192-93, 596 P.2d 1340 (1979). Such "a waiver is effective until its expiration date; it cannot be revoked." *Ramsay*, 41 Wn. App. at 383 (citing *Burroughs*, 23 Wn. App. at 192-93). Under these principles, the State's argument is untenable. At best, Mr. Hamilton's waiver expired on a specific date, May 31, 2001, and no later.

Neither side has produced authorities directly controlling what effect Mr. Hamilton's speedy trial waiver had on the Douglas County proceedings. The most equivalent case deals with a different rule, former CrR 3.3(c)(2) (1983), a provision governing cases filed initially in district court and then transferred to superior court unlike here. *See State v. Ekstedt*, 70 Wn. App. 785, 787-88, 855 P.2d 704 (1993).

Although *Ekstedt* is not controlling authority, its reasoning may be applied by analogy. Mr. Hamilton waived time for trial on March 13, 2001, 67 days after his arraignment

in the Chelan County District Court. *See Ekstedt*, 70 Wn. App. at 788. On April 13, 2001, with the waiver, the State had 23 days left to bring him to trial. But when the Chelan matter was dismissed, the order terminated the proceedings. The order exonerated Mr. Hamilton's bond and release conditions.

Moreover, other authority suggests the speedy trial clock computations became tolled upon the Chelan dismissal and were restarted upon the Douglas County rearraignment. *See State v. Hoffman*, 150 Wn.2d 536, 538-39, 78 P.3d 1289 (2003) (dismissals toll speedy trial period); *State v. Duffy*, 86 Wn. App. 334, 342-43, 936 P.2d 444 (1997) (discussing former CrRLJ 3.3(g)(4) (1987), order of dismissal without prejudice stops the speedy trial clock).

In any event, Mr. Hamilton's waiver was specific to the case in the Chelan County District Court. Once that case was dismissed, the waiver no longer served a purpose in Chelan and did not transfer to Douglas County. In effect, the dismissal terminated the case and Mr. Hamilton's waiver. Since 67 days had run on the speedy trial clock in Chelan County, when Mr. Hamilton was rearraigned in Douglas County only 23 days remained for a speedy trial. The Douglas County court did not hold the pretrial hearing until June 11, at which time Mr. Hamilton moved to dismiss for the speedy trial violation.[1] His trial occurred on June 28, 2001, well after the speedy trial deadline expired.[2]

In sum, the superior court correctly reasoned that Mr. Hamilton's trial did not occur by the end of the timely trial

---

[1] The defendant must raise his or her speedy trial objection within 10 days of receiving notice of the trial date. Former CrRLJ 3.3(f) (1987). At the June 18, 2001 hearing, the trial court and the parties agreed Mr. Hamilton's objection was timely because that court had yet to set the trial date.

[2] The State notes correctly that Mr. Hamilton complained on June 18 that he did not have enough time to prepare for a June 22 trial. That is not material. Mr. Hamilton had already moved to dismiss for failure to hold a timely trial, and that deadline had come and gone.

deadline.[3] Accordingly, the trial court did not err in reversing the convictions and dismissing them with prejudice. Former CrRLJ 3.3(i) (1987).

Affirmed.

SCHULTHEIS and KURTZ, JJ., concur.

---

[3] Given that the foregoing scenarios are dispositive, there is no need for this court to engage in the alternative federal constitutional analysis proposed by the State.