# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48428-5-II |
| Appellant, | |
| v. | |
| ANDREW PHILLIP LINGLE, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. – The State of Washington appeals the trial court's order dismissing second degree assault and third degree assault charges against Andrew Phillip Lingle based on a violation of his CrR 3.3 time for trial right. Because the plain language of the time for trial rules resets the time that Lingle was to be brought to trial, we reverse the dismissal and remand.

## FACTS

On July 28, 2015, the State charged Lingle with two counts of second degree assault, harassment, fourth degree assault, and interfering with reporting domestic violence. The State amended the information on September 18, 2015 to add an additional second degree assault count. This additional charge was listed as count 1.

Lingle signed a waiver of speedy trial on September 18, 2015. The waiver states, "Defendant WAIVES HIS RIGHT to such speedy trial within 60-90 day time frame and consents to a trial date by December 17, 2015." Suppl. Clerk's Papers (CP) at 14. There was no commencement date on the waiver specifying when the time for trial began. Lingle was out of custody while awaiting trial.

The trial court severed count 1 from the other counts. At a pretrial hearing on December 4, 2015, the parties discussed trial dates for the remaining counts and the severed count. During this discussion, the parties noted that Lingle's time for trial deadline on counts 2 through 7 was December 17, 2015, and that on count 1 they would "deal with the Speedy Trial issue and any cure period" at a later time. Report of Proceedings (RP) (Dec. 4, 2015) at 5-6. The trial court set December 14, 2015 as the trial date for counts 2 through 7.

On December 16, 2015, a jury found Lingle not guilty on counts 2 through 7. On December 17, the State filed an information under a separate cause number, charging Lingle with the severed count of second degree assault and adding one count of third degree assault. Lingle filed a motion to dismiss based on a violation of his speedy trial rights. During the January 8, 2016 hearing on the motion, the trial court noted, "I appreciated the State's brief . . . explaining the constitutional nuances and so forth of the right to a Speedy Trial under the state and federal constitution, but that's not the issue that we're dealing with here. The issue we're dealing with here is a court rule." RP (Jan. 8, 2016) at 24. The trial court went on to note that there was no commencement date on the waiver. The trial court used the date the waiver was "executed" as the commencement date and concluded that Lingle's time for trial expired on December 17, 2015, as listed on the waiver. RP (Jan. 8, 2016) at 24. The trial court dismissed the information with prejudice. The State appeals.

ANALYSIS

A.    TIME FOR TRIAL

The State contends the trial court erred by dismissing the charges against Lingle based on a time for trial violation. The State argues the lack of a commencement date on Lingle's waiver required the trial court to use the trial date, not the date Lingle signed the waiver. We agree.

We review de novo application of the CrR 3.3 time for trial rules. *State v. Nelson*, 131 Wn. App. 108, 113, 125 P.3d 1008, *review denied*, 157 Wn.2d 1025 (2006). We interpret court rules as if they were statutes. *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007). In interpreting a statute, we look first to the statute's plain language. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002). If the statute's plain language is unambiguous, our inquiry is at an end, and we enforce the statute "in accordance with its plain meaning." *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

CrR 3.3 sets forth a criminal defendant's time for trial. Out of custody defendants generally must be brought to trial within 90 days after arraignment. CrR 3.3(b)(2)(i). The arraignment is the commencement date of a defendant's time for trial. CrR 3.3(c)(1). A defendant, however, may waive the time for trial. CrR 3.3(c)(2)(i). Filing a written waiver of the time for trial right resets the commencement date and the elapsed time is reset to zero. CrR 3.3(c)(2)(i). The new commencement date is the date specified in the waiver, but cannot be earlier than the filing date of the waiver. CrR 3.3(c)(2)(i). If no date is specified in the waiver, "the *commencement date*

shall be the date of the trial contemporaneously or subsequently set by the court." CrR 3.3(c)(2)(i) (emphasis added).[1]

The plain language of CrR 3.3(c)(2)(i) states that the commencement date of the speedy trial time, following a waiver, is the date specified in the waiver or, if there is no such date, "the date of the trial contemporaneously or subsequently set by the court." CrR 3.3(c)(2)(i). Here, the parties agree there is no specified commencement date. The trial court subsequently set the trial date as December 14, 2015. Under CrR 3.3(c)(2)(i), the State had 90 days from December 14, 2015 to bring Lingle to trial.

Relying on *State v. Nelson*, 131 Wn. App. 108, 114, 125 P.3d 1008 (2006), Lingle argues the commencement date is the date his waiver was filed. In *Nelson*, Nelson appealed his first degree assault conviction, arguing the court violated his right to a timely trial. Nelson had signed two waivers. The second waiver was filed on January 30, 2004 with a trial date of March 22, 2004. *Id.* at 112. Nelson's trial began on March 30. Nelson argued on appeal that the March 22 trial date was the end of his time for trial period. Division Three held that Nelson's time for trial period did not end until March 30, which was 60 days after Nelson filed his waiver. The court held that

---

[1] Prior to the amendment of CrR 3.3 in September 2003, courts repeatedly held that if the waiver has no express expiration date or set period of days, it was effective to the date of the trial contemporaneously or subsequently set by the trial court. *State v. Hamilton*, 121 Wn. App. 633, 640, 90 P.3d 69 (2004); *State v. Bartlett*, 56 Wn. App. 77, 79, 782 P.2d 570 (1989); *State v. Pomeroy*, 18 Wn. App. 837, 842, 573 P.2d 805 (1977). Amendments to the time for trial rules in 2003, however, expressly preclude employing constructive commencement dates that are not provided by the plain language of the rule. *See State v. Olmos*, 129 Wn. App. 750, 756, 120 P.3d 139 (2005) (amendments to rules superseded the constructive arraignment principles). Accordingly, we rely on CrR 3.3(c)'s plain language for determining the time for trial commencement date. The current version of CrR 3.3(c)(2)(i) does not address expiration dates; rather, it addresses the "commencement date."

CrR 3.3(c)(2)(i), "fixes [the time of trial] 'commencement date' as the date the waiver is filed" and that Nelson had 60 days from that date to be tried. *Nelson*, 131 Wn. App. at 113-14. It is unclear in *Nelson* whether Nelson's waiver contained a commencement date. The court only noted that the waiver "did not specify a commencement date earlier than the date of filing." *Id.*

Unlike *Nelson*, here, there is no commencement date on Lingle's waiver. And CrR 3.3(c)(2)(i) clearly states, if no commencement date is specified on the waiver, "the commencement date shall be the date of the trial contemporaneously or subsequently set by the court." CrR 3.3(c)(2)(i). Therefore, Lingle's time for trial commencement date would be December 14, 2015, the trial date subsequently set by the court. We hold the trial court erred in dismissing the charges against Lingle on January 8, 2016 because the speedy trial time had not yet run.[2]

B.      EQUITABLE ESTOPPEL

Lingle responds that the State is equitably estopped from raising this argument. We reject this assertion, particularly where the State has clearly preserved its claim of error by objecting below to the dismissal of the charges.

Equitable estoppel requires a statement inconsistent with the claim later asserted, action by the other party in reliance on that statement, and an injury to that other party resulting from allowing the first party to repudiate that statement. *State v. Yates*, 161 Wn.2d 714, 737-38, 168

---

[2] Based on our holding, we decline to address the State's additional argument that Lingle's constitutional speedy trial time had not run. *See City of Seattle v. Williams*, 128 Wn.2d 341, 347, 908 P.2d 359 (1995) (appellate court should decline to reach constitutional issues when they are not necessary to resolve the case).

P.3d 359 (2007), *cert. denied*, 554 U.S. 992 (2008).  The application of equitable estoppel against the government is disfavored, and we are unpersuaded that it applies here.  *In re Estate of Hambleton*, 181 Wn.2d 802, 834, 335 P.3d 398 (2014), *cert. denied*, 136 S. Ct. 318 (2015); *see Yates*, 161 Wn.2d at 738 (declining to apply equitable estoppel after observing that no Washington case has extended it to criminal prosecutions).

We reverse and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, C.J.

_____
Melnick, J.